1
2
3
4                           UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    ARIANNY CELESTE LOPEZ, et al.,            Case No. 2:19-CV-1842 JCM (BNW)
8                              Plaintiff(s),                ORDER
9          v.
10   D. WESTWOOD, INC.,
11                            Defendant(s).
12
13         Presently before the court is defendant D. Westwood, Inc. d/b/a Treasures Gentlemen's
14   Club's motion to dismiss.  (ECF No. 22).  Plaintiffs Arianny Celeste Lopez, Brooke Johnson
15   a/k/a Brooke Taylor, Caitlin O'Connor, Claudia Sampedro, Danielle Ruiz, Irina Voronina,
16   Jessica Hinton a/k/a Jessa Hinton, Ina Schnitzer a/k/a Jordan Carver, Lina Posada, Lucy Pinder,
17   Mariana Davalos, Rosie Jones, Rosie Roff, Sara Underwood, Sheena Weber a/k/a Sheena Lee,
18   and Tyran Richard filed a response, (ECF No. 26), to which defendant replied, (ECF No. 34).
19   **I.    Background**
20         This matter arises from the alleged misappropriation and unauthorized publication of
21   plaintiffs' images to promote defendant's business.  (ECF No. 1).  Defendant D. WestWood, Inc.
22   owns and operates a strip club in Las Vegas, Nevada—Treasures Gentlemen's Club.  (*Id.*).
23   Plaintiffs are sixteen professional models.  (*Id.*).
24         From 2014 to 2015, defendant created advertisements and posts on social media
25   consisting of plaintiffs' images.  (*Id.*).  Plaintiffs allege that their photographs were used in a
26   manner that creates the "false impression that they worked at or endorsed Treasures in order to
27   receive certain benefits."  (*Id.*).  At no point were plaintiffs employed by nor engaged in business
28   with defendant.  (*Id.*).

**James C. Mahan**
**U.S. District Judge**

1    On October 18, 2019, plaintiffs filed their complaint, alleging 1) false advertising under

2    the Lanham Act, 2) false endorsement under the Lanham Act, 3) violation of Nevada's right of

3    publicity statute, NRS 597.810, and 4) negligence.  (*Id.*).

4    Defendant now moves to dismiss all claims.  (ECF No. 22).

5    **II.     Legal Standard**

6    A court may dismiss a complaint for "failure to state a claim upon which relief can be

7    granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

8    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

9    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

10   factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

11   the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

12   omitted).

13   "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

14   U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

15   matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

16   omitted).

17   In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

18   when considering motions to dismiss.  First, the court must accept as true all well-pled factual

19   allegations in the complaint; however, legal conclusions are not entitled to the assumption of

20   truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by

21   conclusory statements, do not suffice.  *Id.* at 678.

22   Second, the court must consider whether the factual allegations in the complaint allege a

23   plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

24   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

25   the alleged misconduct.  *Id.* at 678.

26   Where the complaint does not permit the court to infer more than the mere possibility of

27   misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

28   *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at

2    570.

3          The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

4    1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

5               First, to be entitled to the presumption of truth, allegations in a
               complaint or counterclaim may not simply recite the elements of a
6               cause of action, but must contain sufficient allegations of
               underlying facts to give fair notice and to enable the opposing
7               party to defend itself effectively.  Second, the factual allegations
               that are taken as true must plausibly suggest an entitlement to
8               relief, such that it is not unfair to require the opposing party to be
               subjected to the expense of discovery and continued litigation.
9

10   *Id.*

11   **III.    Discussion**

12         *A.  Statute of Limitations*

13         Defendant first argues that plaintiffs' claims are time-barred.  (ECF No. 22).  Dismissal

14   for untimeliness is appropriate "only when the running of the statute of limitations is apparent on

15   the face of the complaint."  *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*,

16   720 F.3d 1174, 1178 (9th Cir. 2013).  The limitation period begins to run "from the day the cause

17   of action accrued."  *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012).

18         As other courts in this district have reasoned, this court finds that plaintiffs' claims "run

19   from the date of the uploading of each picture as alleged in the complaint."  *Sears v. Russell Rd.*

20   *Food & Beverage, LLC*, 460 F. Supp. 3d 1065, 1069 (D. Nev. 2020).  Here, each plaintiff's

21   image has a distinct upload date ranging from July 17, 2014, to September 6, 2016.  (ECF Nos.

22   1, 22).  Plaintiffs filed their complaint on October 18, 2019.  (ECF No. 1).

23         The first and second claims for most plaintiffs are time-barred—only plaintiffs Brooke

24   Johnson, Irina Voronina, Rosie Roff, and Sara Underwood may proceed on these claims.  (ECF

25   No. 1).  Although the Lanham Act contains no explicit statute of limitations, this court has

26   previously related the limitations period to laches, "because laches involves 'looking to whether

27   the most analogous state statute of limitations has expired' to determine whether the plaintiff's

28   delay was reasonable."  *See Sears*, 460 F. Supp. 3d at 1069 (citing *Pinkette Clothing, Inc. v.*

**James C. Mahan**
**U.S. District Judge**                                    - 3 -

1   *Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018).  Indeed, "[i]f the most analogous

2   state statute of limitations expired before the plaintiff filed suit, then 'there is a strong

3   presumption in favor of laches.'"  *Id.*

4          Here, plaintiffs' first and second claims under the Lanham act are most analogous to the

5   Nevada Deceptive Trade Practices Act which has a four-year limitations period.  *See id.*; Nev.

6   Rev. Stat. 598.0915(2), (3); Nev. Rev. Stat. 11.190(2)(d).  Thus, this court finds that plaintiffs'

7   claims are timely for any image uploaded within four years of the complaint; all claims related to

8   images uploaded prior to October 18, 2015, are untimely. (ECF No. 1).

9          Thus, the first and second claims of plaintiffs Arianny Celeste Lopez, Caitlin O'Connor,

10  Claudia Sampedro, Danielle Ruiz, Jessica Hinton, Ina Schnitzer, Lina Posada, Lucy Pinder,

11  Mariana Davalos, Rosie Jones, Sheena Weber, and Tyran Richard (collectively, "untimely

12  plaintiffs") are dismissed.  (*Id.*).  Plaintiffs Brooke Johnson (uploaded October 29, 2015), Irina

13  Voronina (uploaded December 21, 2015), Rosie Roff (uploaded September 6, 2016), and Sara

14  Underwood's (uploaded December 23, 2015) claims are timely per the upload date of their

15  allegedly infringing posts.  (*Id.*).

16         As to plaintiff's third claim, this court finds that the claims under Nev. Rev. Stat. 597.810

17  are also governed by a four-year limitation period.  Where the state's highest court has not

18  decided the issue, a federal court must predict how that court would decide.  *Orkin v. Taylor*, 487

19  F.3d 734, 741 (9th Cir. 2007).  Other courts in this district have applied this principle to find that

20  a four-year limitations period governs here.  *Sears*, 460 F. Supp. 3d at 1072 ("The right of

21  publicity is most analogous to the NDTPA because it addresses related acts like false

22  representations of sponsorship or false affiliation.").  This court finds that reasoning persuasive.

23  Thus, the untimely plaintiffs' third claim is dismissed as well.

24         Finally, this court examines plaintiffs' final claim of negligence.  The relevant statute of

25  limitations is plainly two years, which renders the claim untimely for all plaintiffs.  Nev. Rev.

26  Stat. 11.190(4)(e).  This court dismisses plaintiffs' fourth claim in full.  (ECF Nos. 1, 22).

27         This court disagrees with plaintiffs' attempts to overcome untimeliness.  Under the

28  continuing tort doctrine, when "a tort involves continuing wrongful conduct," the limitation

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    period does not begin to run "until that conduct ends." *Flowers v. Carville*, 310 F.3d 1118, 1126

2    (9th Cir. 2002).  However, the law is clear that the doctrine does not apply to a single tortious act

3    like publication.  "Under the single publication rule, any one edition of a book or newspaper, or

4    any one radio or television broadcast, exhibition of a motion picture or similar aggregate

5    communication is a single publication." *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122,

6    1130 (9th Cir. 2006) (quotation omitted).  This rule has been applied within the context of the

7    internet and is thus applicable here as well with social media.  *See id.* ("[W]e agree that the

8    analogy between Internet and print publication is sufficiently apt to be serviceable.").

9          This court is unpersuaded by plaintiffs' argument to toll the statute of limitations as well.

10   (ECF No. 26).  When a defendant takes steps to conceal its wrongdoing and prevent a plaintiff

11   from discovering a cause of action, the statute of limitations period should be tolled.  *See*

12   *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008).  However, there

13   is no indication that defendants took any such steps.  (ECF No. 1).

14         Plaintiffs argue that concealment occurred, because "as more posts are added to that

15   page, the older posts are 'pushed' down the page where they are not as easily discoverable."

16   (ECF No. 26).  It is apparent that defendant was simply using social media as intended, creating

17   new media for others to interact with.  Indeed, plaintiffs were ultimately able to pull all of

18   defendant's allegedly infringing posts without problem, which further reinforces the notion that

19   defendant did not engage in any efforts to conceal.  (ECF No. 1).

20         Thus, in summary:   Plaintiffs Arianny Celeste Lopez, Caitlin O'Connor, Claudia

21   Sampedro, Danielle Ruiz, Jessica Hinton, Ina Schnitzer, Lina Posada, Lucy Pinder, Mariana

22   Davalos, Rosie Jones, Sheena Weber, and Tyran Richard's first, second, and third claims are

23   dismissed as time-barred.  (ECF Nos. 1, 22).  Claim four by all plaintiffs is also dismissed as

24   time-barred.  (*Id.*).  The only remaining claims pertain to plaintiffs Brooke Johnson, Irina

25   Voronina, Rosie Roff, and Sara Underwood.  (*Id.*).

26         *B.  Failure to State a Claim*

27         This court now examines defendant's assertion that the remaining plaintiffs—Brooke

28   Johnson, Irina Voronina, Rosie Roff, and Sara Underwood—have failed to state their claims for

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    1) false advertising under the Lanham Act, 2) false endorsement under the Lanham Act, and 3)

2    violation of Nevada's right of publicity statute, Nev. Rev. Stat. 597.810.

3        *1.  False Advertising Under the Lanham Act*

4        To state a claim for false advertising under the Lanham Act, a plaintiff must plausibly

5    allege that the defendant made "a false statement of fact" about its own or another's products,

6    services, or commercial activities, which "actually deceived or have the tendency to deceive a

7    substantial segment of its audience", and is material in that it is "likely to influence the

8    purchasing decision."  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.

9    1997).

10       Here, plaintiffs' false advertising claim is duplicative of their false endorsement claim.

11   (ECF No. 1).  For this reason, defendant argues that dismissal is appropriate, because no distinct

12   facts support the instant claim compared to plaintiff's claim for false endorsement.  This court

13   agrees.  *See Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400, 402 (9th Cir. 2018) ("Mr. Lasoff's

14   false advertising claim fails because it was duplicative of his infringement claim.").

15       Accordingly, the remaining plaintiffs' first claim is dismissed as duplicative of their

16   claim for false endorsement.  (ECF No. 22).

17       *2.  False Endorsement Under the Lanham Act*

18       To state a claim for false endorsement under the Lanham Act, a plaintiff must plausibly

19   allege that the defendant, 1) in commerce, 2) made a false or misleading representation of fact 3)

20   in connection with goods or services 4) that is likely to cause consumer confusion as to the

21   origin, sponsorship, or approval of the goods or services.  *See* 15 U.S.C. § 1125(a)(1); *Brown v.*

22   *Elec. Arts, Inc.*, 724 F.3d 1235, 1239 (9th Cir. 2013).

23       The parties argue under the fourth requirement, "likel[ihood] to cause consumer

24   confusion."  (ECF Nos. 22, 26).  Indeed, "[u]nder the law of false endorsement, likelihood of

25   customer confusion is the determinative issue."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139,

26   1149 (9th Cir. 2002).

27       In its motion to dismiss, defendant incorrectly argues that celebrity status is necessary for

28   the instant claim.  (ECF No. 22).  However, this court agrees that plaintiffs must at least be "well

**James C. Mahan**
**U.S. District Judge**

1    known," because "absent some level of recognition, there is no basis for inferring consumer

2    confusion regarding the sponsorship or approval of the Clubs' goods and services." *Toth v. 59*

3    *Murray Enterprises, Inc.*, No. 15 CIV. 8028 (NRB), 2019 WL 95564, at *6 (S.D.N.Y. Jan. 3,

4    2019), *aff'd in part, vacated in part, remanded sub nom. Electra v. 59 Murray Enterprises, Inc.*,

5    No. 19-235, 2021 WL 438900 (2d Cir. Feb. 9, 2021).  The idea that "the misappropriation of a

6    completely anonymous face could not form the basis for a false endorsement claim, because

7    consumers would not infer that an unknown model was 'endorsing' a product, as opposed to

8    lending her image to a company for a fee" is persuasive to this court.    *Bondar v. LASplash*

9    *Cosmetics*, No. 12 CIV. 1417 SAS, 2012 WL 6150859, at *7 (S.D.N.Y. Dec. 11, 2012).

10         The court finds that the pleadings are insufficient.  Although plaintiffs detail pertinent

11   information such as their social media numbers and acting credits, the complaint fails to

12   sufficiently describe how the remaining plaintiffs are "well-known" and that consumers are

13   likely be confused.  (ECF No. 1).

14         The remaining plaintiffs' second claim is dismissed

15   *3.  Right of Publicity Under Nev. Rev. Stat. 597.810*

16         Finally, this court is unpersuaded by defendant's argument that "celebrity status" is

17   necessary to bring a right to publicity claim under Nevada law.  (ECF No. 22).  Neither the

18   caselaw nor statute speak conclusively on this issue.  Indeed, the code makes no mention of

19   celebrity and instead states that "[t]here is a right of publicity in the name, voice, signature,

20   photograph or likeness of *every person*."  Nev. Rev. Stat. 597.790 (emphasis added).  Thus, this

21   court declines to extend the requirement of celebrity status.  The remaining plaintiffs may

22   proceed on their third claim.

23         At this juncture, this court denies plaintiffs' request for leave to amend their pleadings.

24   LR 15-1 ("[T]he moving party must attach the proposed amended pleading to a motion seeking

25   leave of the court to file an amended pleading.").

26   . . .

27   . . .

28   . . .

**James C. Mahan**
**U.S. District Judge**

1

**IV.    Conclusion**

2

Accordingly,

3

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

4

dismiss (ECF No. 22) be, and the same hereby is, GRANTED in part and DENIED in part.

5

The only remaining claims are plaintiffs Brooke Johnson, Irina Voronina, Rosie Roff,

6

and Sara Underwood's claim for violation of Nevada's right of publicity statute.

7

All other claims are dismissed.

8

DATED March 8, 2021.

9

_____

10

UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**