1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Arianny Celeste Lopez, et al.,

Plaintiffs,

v.

D. Westwood Inc.,

Defendant.

Case No. 2:19-cv-01842-JCM-BNW

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' motion to amend their complaint. ECF No. 42. Defendant responded at ECF No. 47, and Plaintiffs replied at ECF No. 49. For the reasons discussed below, the Court recommends that Plaintiffs' motion be granted in part and denied in part.

## BACKGROUND

This case deals with whether Defendant improperly used images of Plaintiffs, a group of professional models, to promote its business, Treasures Gentlemen's Club. ECF No. 42-1 at 1–2. Plaintiffs bring three types of claims, but only its two Lanham Act claims are at issue here: 15 U.S.C. § 1125(a)(1)(A) (false endorsement claim) and (B) (false advertising claim). ECF No. 42-1 at 2.

This Court previously dismissed these claims. It dismissed the false advertising claims because they were "duplicative" of the false endorsement claims. ECF No. 37 at 6. The Court also dismissed the false endorsement claims for failure to state a claim. *Id.* at 7.

Plaintiffs now seek to amend their complaint. ECF No. 42 at 1. Defendant contends that allowing Plaintiffs to amend their complaint would be futile and prejudicial to Defendant. Plaintiffs counter that the amendment is not futile, and that Defendant will not be prejudiced. ECF No. 49 at 6–7. Plaintiffs also note that the Court's previous dismissal of Plaintiff Jessica Hinton's claims was clerical error.[1] *Id.* at 3.

---

[1] Defendant agrees that the Court based its dismissal on a miscalculation of dates. ECF No. 47 at 6. After reviewing the statute of limitations and relevant dates, the Court will allow Jessica Hinton to be re-added to the complaint.

1

**LEGAL STANDARD**

2   The Federal Rules of Civil Procedure instruct courts to "freely give leave" to amend

3 "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "[t]he standard for granting leave to

4 amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

5 However, courts may deny leave to amend upon considering five factors: bad faith, undue delay,

6 prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

7 amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is the non-movant's burden

8 to show that leave to amend should be denied. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d

9 183, 187 (9th Cir. 1987).

10

**DISCUSSION**

11 **I.**  **Plaintiffs' false advertising claims are futile, but their false endorsement claims are**
12    **not.**

13   Courts may deny leave to amend if amendment would be futile. Amendment is futile

14 "only if no set of facts can be proved under the amendment to the pleadings that would constitute

15 a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988),

16 *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In making this

17 determination, courts apply a standard identical to Rule 12(b)(6). *Id.*

18   Under this rule, complaints must "state a claim upon which relief can be granted." Fed. R.

19 Civ. P. 12(b)(6). Specifically, a complaint must contain "sufficient factual matter, accepted as

20 true" to state a plausible claim. *Iqbal*, 556 U.S. at 663. A claim is plausible when courts may draw

21 a reasonable inference, based on the claim's factual contents, that a defendant is liable for the

22 alleged misconduct. *Id.*

23   The Court reviews whether Plaintiffs' two Lanham Act claims are futile below.

24  **a.**  **Plaintiffs' false advertising claims remain duplicative.**

25   In the Court's March 8th order, the district judge assigned to this case dismissed

26 Plaintiffs' false advertising claims as "duplicative" of their false endorsement claims. ECF No. 37

27 at 6. The judge reasoned that no distinct facts supported the false advertising claims. *Id.*

28

1    Despite Plaintiffs' argument that the Lanham Act provides two distinct bases of liability

2  (false advertising and false endorsement), Plaintiffs offer no new, distinct facts to distinguish the

3  claims. *Compare* ECF No. 49 at 9–10, *with* ECF No. 42-1. In fact, the proposed amended

4  complaint's false advertising pleadings are the same as the original complaint. *Compare* ECF No.

5  1 ¶¶ 303-09, 555-71, 618-34, 996-1012, 1059-75, *with* ECF No. 42-1 ¶¶ 141-57, 195-211, 249-

6  65, 303-19, 357-73. Defendant contends that Plaintiffs have therefore failed to address any of the

7  Court's concerns in its March 8th order. ECF No. 47 at 7. Given the district judge's previous

8  dismissal and the unchanged pleadings, this Court agrees with Defendant and recommends that

9  leave to amend Plaintiffs' false advertising claims be denied.

10    **b.    Plaintiffs' false endorsement claims are not futile.**

11    To state a claim for false endorsement, Plaintiffs must plausibly allege that the defendant,

12  (1) in commerce, (2) made a false or misleading representation of fact (3) in connection with

13  goods or services (4) that is likely to cause consumer confusion as to the origin, sponsorship, or

14  approval of the goods or services. *Brown v. Elec. Arts, Inc*., 724 F.3d 1235, 1239 (9th Cir. 2013)

15  (citing 15 U.S.C. § 1125(a)(1)(A)). A "crucial [sub]factor" of consumer confusion is the strength

16  of a plaintiff's mark, or how well known she is to consumers. *See Pelton v. Rexall Sundown, Inc.,*

17  No. 99 CIV 4342 JSM, 2001 WL 327164, at *3 (S.D.N.Y. Apr. 4, 2001) (citing *Standard &*

18  *Poor's Corp. v. Commodity Exchange, Inc.,* 683 F.2d 704, 708 (2d Cir.1982)).

19    Here, the parties dispute whether Plaintiffs are well known and, relatedly, whether

20  consumers are likely to be confused by Defendant's use of their images in connection with its

21  business. Specifically, Plaintiffs contend that they are well known and that consumers are likely

22  to believe that Plaintiffs endorsed Defendant's business when they have not. Defendant disagrees,

23  arguing Plaintiffs' false endorsement claims are futile because Plaintiffs' proposed amended

24  complaint fails to plausibly allege that Plaintiffs are well known and thus, that consumers are

25  likely to be confused. ECF No. 47 at 8. Defendant further argues the claims are futile because the

26  proposed amended complaint fails to overcome the deficiencies this Court previously found.[2] *Id.*

27

28

---

[2] This Court dismissed Plaintiffs' false endorsement claims because they failed to sufficiently explain how Plaintiffs were well known and how consumers were likely to be confused. ECF No. 37 at 7. These claims were dismissed without prejudice. *Id.*

at 7. Plaintiffs counter that their proposed amended complaint states new facts that plausibly show Plaintiffs are well known and consumers are likely to be confused. ECF No. 49 at 5–6.

### i.        Plaintiffs plausibly allege that they are well known.

To establish that Plaintiffs are well known, they pled the following facts: Plaintiffs are models for well-known magazines, work with numerous brands, have appeared in notable television shows and advertisements, and have social media followings much greater than the average person. ECF No. 47 at 2–6. Plaintiffs explain–very briefly–how these facts make them well known by connecting the above allegations to Plaintiffs' prominent statuses. *Id.* These types of explanations are absent from the first complaint. ECF No. 1.

Defendant asserts that a "handful of modeling credits," "minor [acting] appearances," and "above-average" social media followers do not plausibly show that Plaintiffs are well known. ECF No. 47 at 8. Defendant also cites the Court's previous dismissal of Plaintiffs' false endorsement claims. *Id.* at 9. In the dismissal, this Court found that Plaintiffs' pleadings about their modeling jobs, acting credits, and social media numbers were "pertinent" but did not "sufficiently describe *how*" they were well-known. ECF No. 37 at 7 (emphasis added). Defendant argues that the allegations in the proposed amended complaint repeat the same modeling and acting credits from the original complaint and that Plaintiffs only "baldly allege" how they relate to Plaintiffs' ostensibly well-known statuses. ECF No. 47 at 8. Plaintiffs counter that their proposed amended complaint alleges new facts that satisfy the pleading standard required by Rule 12(b)(6). ECF No. 49 at 5.

Ultimately, the Court finds that Defendant has not met its burden to show that Plaintiffs' amended false endorsement claims are futile. This Court previously found that Plaintiffs' social media numbers and acting credits were "pertinent information;" however, it dismissed the claims because the complaint failed to "sufficiently describe *how* the remaining plaintiffs w[ere] well known." ECF No. 37 at 7. (emphasis added). Plaintiffs have remedied this deficiency. Specifically, Plaintiffs explain that their social media followings make them well known by comparing their followings to that of the average person's. ECF No. 42-1 at ¶¶ 72–73, 90–91, 108–09, 126–27. And Plaintiffs connect, albeit vaguely, how their acting credits, modeling jobs,

1    and work for brands makes them well known. ECF No. 47 at 2–6. For example, Plaintiffs allege

2    that one model's "work from brands such as SKYY Vodka, Miller Lite, Michelob Ultra, and

3    Bacardi, as well as her appearances in high-profile magazines such as FHM, Maxim, and

4    Playboy, also show that she is a very well-known and respected model and has made a living

5    commercializing her image." ECF No. 42-1 at ¶ 71.

6          Defendant challenges the notion that social media numbers and acting credits can

7    plausibly establish that someone is well known. ECF No. 47 at 9. It cites a factually similar New

8    York case where the Court held that Plaintiffs' "participat[ion] in promotional campaigns for a

9    wide variety of brands and appear[ances] in magazines, TV shows, and movies" failed to

10   establish that Plaintiffs were well known. *Id.*; *See Toth v. 59 Murray Enterprises, Inc.*, No. 15

11   CIV. 8028 (NRB), 2019 WL 95564, at *7 (S.D.N.Y. Jan. 3, 2019). Critically, however, the

12   Southern District of New York was deciding a motion for summary judgment (and thus whether

13   the plaintiffs *proved* that they were well known). It was not deciding whether a plaintiff had

14   sufficiently *pled* they were well-known.

15         In another case dealing with a model and a false endorsement claim, the Southern District

16   of New York reviewed whether a model had sufficiently pled that she was well known. *See*

17   *Bondar v. LASplash Cosms.*, No. 12 CIV. 1417 SAS, 2012 WL 6150859, at *3 (S.D.N.Y. Dec.

18   11, 2012). In *Bondar*, Plaintiff was a model who had appeared on catwalks for renowned

19   designers and been featured in popular magazines. The court found that:

20               It is unlikely that the public at large is familiar with Bondar. However, it is possible that
21               discovery will indicate that her mark is strong enough to cause a likelihood of consumer
                 confusion. . . . In short, the Complaint sufficiently alleges the strength of Bondar's mark
22               to survive dismissal on the pleadings.

23   *Id.* at *7. Another New York case affirmed that while granting summary judgment with little

24   evidence of a plaintiff's well-known status is appropriate, "it is premature on a 12(b)(6) motion."

25   *Mayes v. Summit Ent. Corp.*, No. 116CV06533NGGST, 2018 WL 566314, at *4 (E.D.N.Y. Jan.

26   18, 2018). The Court agrees with this persuasive authority.

27

28

Admittedly, this is a close case. But given the liberal standard for a leave to amend, the above persuasive authority, and Plaintiffs' explanatory additions to the proposed amended complaint, this Court finds that Plaintiffs have sufficiently pled that they are well known for purposes of a motion to amend.

### ii.    Plaintiffs plausibly allege that consumers are likely to be confused about Plaintiffs' endorsement of Defendant's club.

Defendant argues that Plaintiffs do not establish a likelihood of consumer confusion because Plaintiffs rely on "boilerplate" statements that this Court previously dismissed. ECF No. 47 at 10. Defendant further argues that the new information Plaintiffs added, a market survey, also fails to show consumer confusion. It reasons that Plaintiffs provide no information about whether the survey adequately replicates market conditions or even involves Plaintiffs. *Id.* at 10–11.

Plaintiffs counter that they have added new and specific allegations describing how consumers are likely to be confused. ECF No. 49 at 6. They also argue that Defendant's "attacks" on the market survey should be explored through the discovery process. *Id.* In sum, Plaintiffs contend that they have met the pleading standard and that Defendant's arguments demand an inappropriate, higher standard. *Id.*

Although Defendant may have valid concerns about Plaintiffs' survey, the Court agrees with Plaintiffs that the proposed amended complaint meets the pleading standard required for leave to amend. First, as discussed earlier, the Court dismissed Plaintiffs' false endorsement claims because Plaintiffs failed to describe *how* consumers would be confused. ECF No. 37 at 7. Again, Plaintiffs remedy this deficiency by adding new, explanatory information. ECF No. 42-1 ¶¶ 65–67, 83–85, 101–03, 119–21, 137–39. Second, the survey's admissibility and evidentiary weight is not for the Court to decide at this stage. All well-plead facts are accepted as true. *Iqbal*, 556 U.S. at 663. Therefore, the Court accepts Plaintiffs' statement that a likelihood of consumer confusion "is supported by market surveys that have been performed around the country by expert witnesses in multiple cases with nearly identical facts . . . ." *See* ECF No. 42-1 ¶ 121.

1    Accordingly, the Court finds Plaintiffs' false endorsement claims are not futile and will

2    recommend that amendment be allowed.

3    **II.    Defendant fails to prove that it will be prejudiced by Plaintiffs' Lanham Act claims.**

4         When considering whether to grant leave to amend, the Court can consider prejudice to

5    the opposing party. Prejudice means "undue difficulty in prosecuting a lawsuit as a result of a

6    change of tactics or theories on the part of the other party." *Wizards of the Coast LLC v.*

7    *Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Deakyne v. Comm'rs. of*

8    *Lewes,* 416 F.2d 290, 300 (3d Cir. 1969)). "The party opposing amendment bears the burden of

9    showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

10        Defendant argues that reviving Plaintiffs' Lanham Act claims will prejudice it. ECF No.

11   47 at 13. Specifically, Defendant contends that the claims "will force discovery on irrelevant

12   issues," increase Defendant's costs, alter its litigation strategy, and change its settlement

13   expectation. *Id.* Plaintiffs argue that Defendant will not be prejudiced. ECF No. 49 at 10.

14        Regarding Plaintiffs' false advertising claims, the Court already found these claims are

15   futile. Therefore, the Court need not analyze whether they will prejudice Defendant.

16        Regarding Plaintiffs' false endorsement claims, Defendant failed to show it will be

17   prejudiced. Adding new claims may sometimes prejudice defendants by making them rethink

18   litigation strategies. *Hale v. Lloyd's, London*, No. CV 19-00314 HG-RT, 2020 WL 262820, at *5

19   (D. Haw. Jan. 17, 2020). But here, Plaintiffs brought the Lanham Act claims in their original

20   complaint. ECF No. 1 at 2. And although the Court dismissed these claims, it did so without

21   prejudice. ECF No. 37 at 7. Therefore, Defendant was on reasonable notice that Plaintiffs might

22   move to amend their complaint and cure its deficiencies.

23        Additionally, Defendant will not be forced to participate in discovery on "irrelevant"

24   issues because this Court determined Plaintiffs' false endorsement claims are not futile. To the

25   extent Defendant believes any particular discovery sought is irrelevant, there are rules to address

26   such issues during the discovery process. *See* Fed. R. Civ. P. 26. Lastly, "additional discovery"

27   fails to constitute a sufficient showing of prejudice. *Tyco Thermal Controls LLC v. Redwood*

28   *Indus.*, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009).

1    In sum, Defendant will not be prejudiced by granting Plaintiffs leave to amend their false

2   endorsement claims.

3                                      **CONCLUSION**

4    IT IS THEREFORE RECOMMENDED that Plaintiffs' motion to amend (ECF No. 42) be

5   GRANTED in part and DENIED in part consistent with this opinion.

6    IT IS FURTHER ORDERED that the parties must file a proposed discovery plan and

7   scheduling order within 14-days of today's date, consistent with the Court's order at ECF No. 51.

8

9    DATED: September 29, 2021

10

11   _____

12   BRENDA WEKSLER
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28